## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **GEORGE DAVID BURKS II,** individually and on behalf of all others similarly situated, | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No.** _____ |
| **GEM SHOPPING NETWORK, INC.,** | ) ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## <u>COMPLAINT</u>

Plaintiff George David Burks II, individually and on behalf of all others similarly situated, respectfully submits this Complaint against Defendant Gem Shopping Network, Inc.  For his cause, Plaintiff states as follows:

### <u>Jurisdiction and Venue</u>

1.      This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Additionally, Defendant is subject to service in this judicial district; thus, this Court has personal jurisdiction.

2.      Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391.  Defendant operates a broadcasting network in this judicial district and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## The Parties

3.      Defendant is a Georgia corporation with its principal office address in Boca Raton, Florida.

4.      At all times relevant to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

5.      During the relevant period, Defendant's annual gross sales volume exceeded $500,000.

6.      Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) during the relevant period.

7.      Plaintiff worked for Defendant as a Sales Representative from November 2016 until the termination of his employment in April 2018.

8.      At all times relevant to this action, Plaintiff was a non-exempt employee under the FLSA.

9.     At all times relevant to this action, Plaintiff was subject to the FLSA's overtime provisions.

## Factual Allegations

10.     At all times during Plaintiff's employment with Defendant, he performed his job in a satisfactory manner.

11.     During Plaintiff's employment with Defendant, Plaintiff routinely maintained records of his time worked and commissions earned.

12.     Thus, on any given day, Plaintiff could review the number of hours that he had worked on a previous day and the number of hours that he had entered into Defendant's timekeeping system.

13.     On April 23, 2018, Plaintiff was reviewing Defendant's timekeeping system and discovered that his time had been edited for two of the previous week's days.   Instead of showing the actual time that Plaintiff had worked for those days, and that he had entered into Defendant's timekeeping system, Plaintiff's time records had been edited to show less time worked, thereby decreasing his overtime hours.

14.      Upon discovering these edits, Plaintiff reported in an email to Defendant's human resources representative that his time had been edited on the two specific days in Defendant's timekeeping system, thus depriving him of

overtime that he had worked.  He further explained to the human resources representative that this was a violation of the FLSA.

15.     The next day, Pieter Joubert, Defendant's Director of Sales and Customer Service, called Plaintiff and told him that he had been told about Plaintiff's complaint.  He also said that Plaintiff was now under investigation for clocking in too early on the two days about which Plaintiff had complained the day before.

16.     Plaintiff was dumbfounded by this accusation, as no such thing happened and it could not have been a coincidence that he had just complained about edited time entries for those two days.

17.     When Plaintiff reviewed Defendant's time records for the two days under investigation, he discovered that the previous edits had been reversed and the timekeeping records had again been edited to now show even more time than he had entered for the days in question.

18.     In effect, the individual(s) who had edited Plaintiff's time records in the first place to deprive him overtime had been caught, and now that person was attempting to cover their tracks and frame Plaintiff by increasing Plaintiff's time and by accusing him of falsification.

19.     Later that day, Plaintiff met with Mr. Joubert.  Plaintiff implored Mr. Joubert to review the edit records for the time entries, and also to view the many video cameras that Defendant maintained, all to show that he had not falsified his time records.

20.     On April 25, 2018, Mr. Joubert informed Plaintiff that his employment had been terminated because of the time records for the two days in question.

21.     Plaintiff regularly worked hours in excess of 40 hours per workweek throughout his employment with Defendant.

22.     Defendant compensated Plaintiff for the time that he worked at an hourly rate, plus a percentage of the sales that he made.

23.     During the weeks in which Plaintiff worked more than forty hours, Defendant compensated Plaintiff for the overtime at a rate of one-and-a-half times his regular hourly rate.

24.     Defendant failed to include Plaintiff's commissions when calculating his overtime rate under the FLSA.

25.     Defendant's failure to properly calculate Plaintiff's overtime rate deprived Plaintiff of overtime compensation to which he was entitled.

26.    Defendant compensated other former and current Sales Representatives in the same manner.

27.    Defendant's common practice of failing to properly calculate the Sales Representatives' overtime rates deprived them of overtime compensation they were owed under the FLSA.

28.    Defendant has willfully and intentionally failed and/or refused to compensate Plaintiff and other current and former employees in accordance with the FLSA.

29.    Upon information and belief, Defendant had no reasonable grounds for believing that its failure to properly compensate Plaintiff and other current and former employees was appropriate under the FLSA.

30.    Plaintiff has given his written consent to join in this action under the FLSA.  His Consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

31.    Plaintiff has retained the law firm listed below to represent him in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

Collective Action Allegations

32.     Numerous current and former employees of Defendant exist who are similarly situated to Plaintiff, were denied proper compensation in violation of the FLSA, and who would benefit from issuance of Court-supervised notice of this lawsuit.  Those similarly situated current and former employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

33.     Those current and former employees similarly situated to Plaintiff include all individuals employed by Defendant as Sales Representatives at Defendant's studio and sales center in Duluth, Georgia during the period falling within three chronological years immediately preceding the filing of the Complaint and continuing thereafter through the date on which final judgment is entered in this action.

## COUNT I: Overtime Violations of the Fair Labor Standards Act

34.     Plaintiff re-alleges paragraphs 1 through 33 above and incorporates them here by reference.

35.     By engaging in the conduct described above, Defendant failed to pay Plaintiff and all similarly-situated individuals at a rate of pay not less than one and one half times their regular rates for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

36.     Defendant's actions in failing to compensate Plaintiff and all similarly-situated individuals in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff and all similarly-situated individuals.

37.     As a result of Defendant's violation of the FLSA, Plaintiff and all similarly situated individuals are entitled to recover their unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT II: Retaliation Under the Fair Labor Standards Act

38.     Plaintiff re-alleges paragraphs 1 through 33 above and incorporates them here by reference.

39.     This claim arises from Defendant's unlawful and willful retaliation against Plaintiff in violation of the FLSA.

40.     Defendant retaliated and discriminated against Plaintiff in violation of 29 U.S.C. § 215(a)(3) when it terminated his employment in response to his attempt to assert his rights under the FLSA.

41.     As a direct result of Defendant's retaliatory and discriminatory actions alleged herein, Plaintiff suffered and will continue to suffer mental anguish,

emotional distress, humiliation, embarrassment, pain and suffering, loss of the enjoyment of life, and loss of pay and benefits, both past and future.

42.     Plaintiff is entitled to back and front pay, liquidated damages, compensatory damages including mental anguish, emotional distress, attorneys' fees, costs of suit, and all other damages available at law or in equity.

WHEREFORE, with respect to Count 1, Plaintiff respectfully requests that this Court:

i.      Take jurisdiction of this matter;

ii.     Permit the case to proceed as an FLSA collective action for those employees who opt in to participate by filing proper written notice with the Court;

iii.    Issue an Order finding Defendant to be an "employer" as that term is defined under the FLSA;

iv.     Grant a trial by jury as to all matters properly triable to a jury;

v.      Issue a judgment declaring that Plaintiff and the class he represents are covered by the provisions of the FLSA and that Defendant have failed to comply with the requirements of the FLSA;

vi.   Award Plaintiff proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due Plaintiff, as required by the FLSA;

vii.   Award the other current and former employees proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member, as required by the FLSA;

viii.   Award Plaintiff and the other current and former employees prejudgment interest on all amounts owed;

ix.   Award Plaintiff and the other current and former employees their reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

x.   Award such other further relief this Court deems just, equitable and proper.

WHEREFORE, with respect to Count 2, Plaintiff respectfully requests that this Court:

i.      Take jurisdiction of this matter;

ii.     Award back and front pay, liquidated damages, compensatory damages including those for mental anguish and emotional distress, and all other damages available at law or in equity;

iii.    Award prejudgment interest;

iv.     Award costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

v.      Award reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

vi.     Award such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues deemed so triable.


Dated: May 3, 2018                       Respectfully submitted,

                                         By:  /s/   Andrew Weiner
                                         Andrew Weiner, Bar No. 808278
                                         aw@atlantaemployeelawyer.com
                                         Jeffrey Sand, Bar No. 181568

js@atlantaemployeelawyer.com
WEINER & SAND LLC
3525 Piedmont Rd., 7 Piedmont Ctr.
3rd Fl.
Atlanta, GA  30305
(404) 254-0842
(866) 800-1482 (f)

Counsel to Plaintiff