# EXHIBIT 1

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement And Release ("Agreement") will resolve asserted and potential disputes between and among Gem Shopping Network, Inc. ("GSN") and George David Burks, II ("Mr. Burks") (GSN and Mr. Burks collectively referred to as "the Parties") as of the effective date of this Agreement.

## <u>W I T N E S S E T H</u>:

WHEREAS, Mr. Burks has filed a lawsuit against GSN alleging claims relating to his employment with and termination of employment from GSN styled *Burks v. Gem Shopping Network, Inc.*, Civil Action No. 1:18-CV-01952-SCJ, pending in the United States District Court for the Northern District of Georgia, Atlanta Division ("Court") (the "Lawsuit");

WHEREAS, the Lawsuit has not been certified as a class or collective action, and Mr. Burks has voluntarily chosen to forego such certification;

WHEREAS, GSN denies engaging in any wrongful or unlawful conduct and denies that Mr. Burks is legally owed any compensation or other relief but in good-faith wishes to enter into this Agreement;

WHEREAS, there exists a bona fide dispute between the Parties with respect to the issues raised in the Lawsuit; and

WHEREAS, this Agreement is subject to and conditioned upon approval by the Court and the other terms and conditions referenced herein.

NOW, THEREFORE, in consideration of the terms and mutual promises contained herein, subject to approval of the terms of this Agreement by the Court, Mr. Burks and GSN agree as follows:

1.      <u>Bona Fide Dispute; No Admission</u>.

(a)      This Agreement is in compromise of disputed claims by Mr. Burks and was reached as a result of arms-length negotiation.  Mr. Burks contends that GSN failed to pay overtime to which he was entitled and retaliated against him by terminating his employment in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  GSN denies these allegations and contends that Mr. Burks was properly classified as exempt from the FLSA's overtime requirement. The Parties also have a bona fide dispute over, among other issues, the number of hours Mr. Burks actually worked in the weeks covered by his FLSA claim and GSN's reasons for terminating Mr. Burks's employment.  In light of these disputed positions, the Parties acknowledge and agree that this settlement and the terms of this Agreement are fair and reasonable taking into account the risks and uncertainties of litigation.

(b)      This Agreement shall not be construed as an admission by GSN or any of the other Releasees (as defined below) of a violation of any federal, state, or local statute, regulation, judicial doctrine, or other law, or a violation of any right of, or breach of any duty, obligation, or contract to, Mr. Burks or of any other person. GSN is entering into this Agreement to avoid the expense and inconvenience of litigation. GSN specifically disclaims any liability to, or unlawful action against, Mr. Burks or any other person. Mr. Burks agrees not to state, suggest, indicate, or imply, whether in a court filing or otherwise, to any person or entity that GSN or any other Releasee has admitted liability or was found liable in any respect.

2.      <u>Court Approval</u>.  Within ten (10) calendar days of both Parties executing this Agreement, Plaintiff, after providing GSN with the opportunity to comment, shall file a joint motion for approval of this Agreement, asking the Court to approve the Agreement as fair and reasonable and dismiss the Lawsuit with prejudice.  Mr. Burks's counsel will afford GSN's counsel

a reasonable time to review and offer revisions to the motion prior to filing.  If necessary, the Parties will appear before the Court for a hearing related to any of the issues raised by the motion. If the Court does not grant the motion, approve the Agreement, and dismiss the Lawsuit with prejudice, this Agreement shall be null and void, and neither party may use it as evidence in this Lawsuit or any litigation.  In the event the Court does not grant the motion, approve the Agreement and dismiss the Lawsuit with prejudice, the Parties agree that they will work together in good faith to address the Court's concerns with the Agreement and enter into an amended agreement, if necessary.

3.    <u>Payment</u>.  Subject to approval by the Court, GSN shall make payments totaling Twenty-Seven Thousand Five Hundred U.S. Dollars ($27,500.00 USD) ("Settlement Proceeds"), less applicable withholdings and deductions, pursuant to the following terms:

(a)    $11,450.00 of the Settlement Proceeds shall be considered fees and expenses of Mr. Burks's attorney, Weiner & Sand LLC, 3525 Piedmont Road, 7 Piedmont Center, 3rd Floor, Atlanta, GA, 30305.

(b)    $4,050.00 of the Settlement Proceeds shall be considered compensatory damages for Mr. Burks, from which no withholdings will be made, in exchange for Mr. Burks's release of nonwage claims, including but not limited to Mr. Burks's alleged emotional distress and humiliation relating to his alleged wrongful termination. This amount will not be subject to applicable federal and state payroll tax withholdings.

(c)    $6,000.00 of the Settlement Proceeds shall be considered back wages, which will be subject to applicable federal and state payroll tax withholdings.

(d)    $6,000.00 of the Settlement Proceeds shall be considered liquidated damages, which will not be subject to applicable federal and state payroll tax withholdings.

(e)     GSN shall issue three checks addressed and sent by certified mail to Weiner & Sand LLC, no later than twenty-one (21) calendar days after GSN receives written notice that the Court has approved this Agreement and dismissed the Lawsuit with prejudice pursuant to Paragraph 2.  The checks shall be payable as follows:

(i)     One check shall be payable to Weiner & Sand LLC and in the amount of $11,450.00 with no withholdings;

(ii)    One check shall be payable to George David Burks, II and in the amount of $10,050.00 with no withholdings; and

(iii)   One check shall be payable to George David Burks, II and in the amount of $6,000.00 with applicable withholdings.

(f)     Weiner & Sand LLC shall be solely responsible for distributing the Settlement Proceeds to Mr. Burks following receipt from GSN.

(g)     Mr. Burks and Weiner & Sand LLC shall provide executed Form W-9s to GSN's counsel promptly after Mr. Burks's execution of the Agreement.

(h)     Mr. Burks acknowledges and agrees that he is solely and entirely responsible for the payment and discharge of any additional federal, state, and local taxes, if any, that may, at any time, be found to be due by him upon or as a result of the Settlement Proceeds paid by GSN hereunder. Mr. Burks agrees to indemnify and hold GSN harmless from any claim or liability for taxes and related penalties and/or interest owed by him related to the Settlement Proceeds paid by GSN hereunder.

(i)     Mr. Burks affirms and acknowledges that, except for the consideration set forth in Paragraph 3 above, he will receive no additional money from GSN.  Moreover, Mr. Burks acknowledges and agrees that, with the exception of the payment set forth in Paragraph 3(a) above,

he shall be solely responsible for his own attorneys' fees, expenses, and costs in connection with the Lawsuit and the negotiation and execution of this Agreement. Under no circumstances shall Mr. Burks be deemed a "prevailing party" for purposes of an award of attorneys' fees or costs.

4.   General Release. In consideration of the promises set forth herein, and as a material inducement for GSN to enter into this Agreement, Mr. Burks agrees as follows:

(a)   Mr. Burks hereby irrevocably and unconditionally releases, acquits, and forever discharges GSN and GSN's current and former parents, subsidiaries, successors, divisions, related entities, and assigns, and each of their current and former owners, parents, subsidiaries, affiliates, divisions, directors, employees, officers, agents, insurers, attorneys, subsequent purchasers and/or owners of all or substantially all assets of GSN, and all successors and assigns thereof (all of the above collectively referred to as "Releasees"), from any and all claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorneys' fees), of any nature whatsoever, known or unknown, which Mr. Burks now has, had, or may hereafter claim to have had against Releasees by reason of any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date he signs this Agreement relating to his employment with GSN, including but not limited to any alleged act, event, or omission raised in the Lawsuit, and any alleged act, event, or omission that could have been raised in the Lawsuit, even if not brought.

(b)   This release includes but is not limited to any claims arising under the FLSA, claims for retaliation, alleged breach of contract, misrepresentation, wrongful discharge, discrimination on the basis of any prohibited factor, unpaid monies, and any and all claims against Releasees for recovery of compensatory and/or punitive damages, lost wages, lost benefits,

pension benefits, liquidated damages, front pay, attorneys' fees, and/or equitable or other relief under any federal, state, or local law, rule, regulation, judicial doctrine, or common law, including those under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866 and 1871, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Occupational Safety and Health Act, the Employee Retirement Income Security Act, 42 U.S.C. § 1981, each as amended, which Mr. Burks has or might have by virtue of any fact(s), act(s) or event(s) occurring prior to the effective date of this Agreement and relating to his employment with GSN.  All such claims, if any, are hereby compromised, settled, and extinguished in their entirety.

(c)     Mr. Burks expressly acknowledges that this Agreement may be pled as a complete defense and will fully and finally bar any and all claims, known or unknown, against Releasees based on any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date he signs this Agreement.

5.     <u>ADEA Release</u>.  In addition to the foregoing general release, Mr. Burks hereby acknowledges that he knowingly and voluntarily enters into this Agreement with the purpose of waiving and releasing any claims under the ADEA and equivalent state law, and as such, he acknowledges and agrees that:  (i) he has had twenty-one (21) days to consider the terms of this Agreement before executing it, although he may choose to execute the Agreement in less than twenty-one days, and that no additional period is necessary.  The Parties agree that any changes to this Agreement within the 21-day period will not restart the 21-day consideration period; (ii) this Agreement is worded in a manner that is clear and that is fully understandable; (iii) he specifically waives and releases any rights or claims under the ADEA or any state law age anti-discrimination

law; (iv) he knowingly and voluntarily agrees to all of the terms set forth in this Agreement; (v) claims under the ADEA that may arise after the date of execution of this Agreement are not waived or released; (vi) the waiver and release of rights in this Agreement is in exchange for consideration in addition to that which Mr. Burks was otherwise undisputedly entitled; (vii) he acknowledges that he has been and is advised in this Agreement to consult an attorney prior to signing the Agreement; (viii) he has seven (7) calendar days after signing this Agreement to revoke the release and waiver of ADEA claims and the waiver of ADEA claims shall not be effective or enforceable until the revocation period has expired; and (ix) nothing in this Agreement precludes Mr. Burks from challenging the validity of the release and waiver of ADEA claims, if any.  Notice of revocation of this release and waiver of ADEA claims must be in writing, made pursuant to the terms of this Agreement, and expressly state that Mr. Burks is revoking the ADEA Release and waiver.  If Mr. Burks revokes this ADEA Release and waiver, GSN is relieved of any obligation under this Agreement at its sole discretion.

6.    <u>Covenant Not to Sue</u>. For and in consideration of the consideration described in this Agreement, and as a material inducement to GSN to enter into this Agreement, Mr. Burks agrees not to bring any actions or complaints against GSN or any other Releasees based upon, arising from, or in any way related to any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement and that relates to his employment with GSN. Nothing herein prevents the good-faith cooperation with or reporting to a government agency; however, if any agency brings any investigation or action on his behalf, Mr. Burks is entitled to no damages or relief, and Mr. Burks covenants and promises that he will not accept, in whole or in part, any settlement, judgment, or award based on such claim, charge, or complaint.

7.    <u>Non-Defamation</u>.    Mr. Burks agrees not to publish false statements with malice about GSN or any other Releasee, including that GSN or any other Releasee has admitted liability or was found liable in any respect.  Mr. Burks understands that, if at any time subsequent to entering into this Agreement, GSN determines that Mr. Burks has defamed GSN, that GSN at its option, may sue for breach of this Agreement and seek to void the Settlement Proceeds portions of this Agreement (Paragraph 3), and that it may seek to recover the $16,050.00 in Settlement Proceeds paid to Mr. Burks, but that the general release of GSN and covenant not to sue (Paragraphs 4-6) will still be in effect.

8.    <u>Agreement Not to be Used as Evidence</u>. This Agreement shall not be admissible as evidence in any proceeding except where one of the Parties to this Agreement seeks to enforce the Agreement or alleges the Agreement has been breached, or where one of the Parties is ordered to produce the Agreement by a court or administrative agency of competent jurisdiction.

9.    <u>No Effect on Other Benefits.</u>  The Settlement Proceeds in Paragraph 3 above will not create any credit or otherwise affect the calculation of benefits provided under any benefit or compensation plan or program provided by the Releasees (such as 401(k), pension, bonus, severance, or deferred compensation plans), and no payment made pursuant to this Agreement will be compensation for purposes of such plans/programs, require any contribution or award under such plans/programs, or otherwise require or modify coverage, contributions, or benefits under such plans/programs, and Mr. Burks will be deemed to have waived all such benefit or compensation plan or program claims, whether known or unknown, as part of his release of claims under this Agreement.

10.   <u>No Assignment by Mr. Burks</u>. Mr. Burks represents and warrants that he has not assigned to any other person, and no other person is entitled to assert on his behalf, any claim

against GSN, or any other Releasees based on any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement. Mr. Burks agrees to indemnify and hold harmless GSN from any such claim or claims that are asserted by any assignee or any other person on his behalf.

11.    <u>Binding Effect</u>. This Agreement shall be binding upon Mr. Burks and upon his next of kin, heirs, attorneys, representatives, administrators, executors, successors, and assigns, and shall apply fully to GSN and any other Releasees and each of them individually, and to their heirs, administrators, representatives, executors, successors, and assigns.

12.    <u>Construction and Severability</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement is the result of arms' length negotiation between the Parties. If any provision of this Agreement is declared or determined by any court to be illegal or invalid, that part shall be excluded from the Agreement, but the validity of the remaining parts, terms, or provisions shall not be affected.

13.    <u>Waiver of Future Employment with GSN</u>.  Mr. Burks acknowledges that he does not have interest in future employment with GSN.  Mr. Burks agrees that he will not apply for employment or seek reinstatement with GSN, and that he will not be eligible for such employment or reinstatement.  Mr. Burks agrees that the fact of this Agreement constitutes a legitimate, non-discriminatory, and non-retaliatory reason for rejecting any application for employment with GSN.

14.    <u>Acknowledgements and Representations</u>. The Parties represent and acknowledge as follows:

(a)     GSN hereby advises Mr. Burks to consult his current attorney or any other attorney of his choosing for legal advice prior to executing this Agreement.

(b)     Mr. Burks represents that, with the exception of the Lawsuit, he has not filed any charge, claim or lawsuit against any Releasee.

(c)     Mr. Burks acknowledges that he has been given a reasonable period of time to consider this Agreement, that he has reviewed this Agreement with his attorney and that he has obtained all advice and counsel he needs to understand all terms and conditions of this Agreement. Mr. Burks further acknowledges that the payments and other consideration that he will receive pursuant to this Agreement constitute consideration that is of value to him and to which he would not be otherwise entitled to receive absent this Agreement.

(d)     The Parties represent and acknowledge that no promise or inducement has been offered or made except as set forth herein; that, in executing this Agreement, they do not rely and have not relied upon any promise, inducement, representation, or statement about the subject matter, meaning, or effect of this Agreement that is not stated in this document; that the only consideration for executing this Agreement are the payment, promises, and other consideration expressly contained or described herein; and that all Parties have read this Agreement or had it read and explained to them, understand all of its terms, and understand that this Agreement constitutes the entire agreement between the Parties.

(e)     The Agreement reflects a reasonable compromise over the issues in dispute, the Parties were at all times represented by counsel during the course of this Lawsuit, the Agreement was the result of arms-length negotiations, and the Parties voluntarily entered into this Agreement.

15.     <u>Counterparts</u>. This Agreement may be executed and in any number of counterparts, each of which shall be deemed an original as against any party whose signature appears therein but all of which taken together shall constitute but one and the same instrument. Further, the Agreement may be signed electronically, and exchanged by email or fax.

16.     <u>Notice</u>. Notice pursuant to this Agreement for Mr. Burks shall be by email and mail to Mr. Andrew Weiner, Weiner & Sand LLC, 3525 Piedmont Road, 7 Piedmont Center, 3rd Floor, Atlanta, GA, 30305, aw@atlantaemployeelawyer.com, and for GSN shall be by email and mail to Ms. Sara Hamilton and Mr. Kurtis Powell, Hunton Andrews Kurth LLP, 600 Peachtree St. NE, Suite 4100, Atlanta, GA 30308, shamilton@hunton.com and kpowell@hunton.com.

//

***[Signatures on following page]***

//
//
//
//
//
//
//
//
//
//

\* \* \*

THE UNDERSIGNED HAVE CAREFULLY READ THIS "SETTLEMENT AGREEMENT AND RELEASE"; THEY KNOW AND UNDERSTAND ITS CONTENTS; THEY HAVE BEEN ADVISED TO CONSULT COUNSEL AS DESIRED; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY HAVE NOT BEEN COERCED INTO SIGNING THIS AGREEMENT.

9-27-2018
Date

MR. GEORGE DAVID BURKS II

9-28-2018
Date

GEM SHOPPING NETWORK, INC.

By: COLIN MICHAEL TAYLOR

Title: CEO